IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JACOB REA'SHAW HERNDON,          )
        Plaintiff,          )
v.          )          No. 3:16-CV-1616-L
                  )
                  )
ROANOKE POLICE DEPT., ET AL.,          )
        Defendants.          )

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this

case has been referred to the United States Magistrate Judge. The findings, conclusions and

recommendation of the Magistrate Judge follow:

## I.  Background

Plaintiff is currently confined in the Dallas County Jail. He is proceeding *pro se* and has

filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are the Roanoke Police

Department, the Dallas County Police Department, the Dallas County District Attorney's Office,

and John Doe police officers.

Plaintiff states that on September 30, 2015, officers from the Roanoke Police Department

unlawfully searched a bag in the trunk of his car. As a result of this search, Plaintiff was charged

as a felon in possession of a firearm. He states this charge is currently pending. (*See* Magistrate

Judge's Questionnaire, Answer No.1.)

Plaintiff also claims that on October 6, 2015, he was unlawfully detained and search by

Dallas police officers. As a result of this detention and search, Plaintiff was charged with

**Findings and Conclusions of the**
**United States Magistrate Judge**      Page -1-

unlawful possession of a controlled substance.  Plaintiff states this charged is currently pending.

(*See* Magistrate Judge's Questionnaire, Answer No. 5.)  Plaintiff seeks money damages.

## II.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed

*in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a

claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be

granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts

with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

## III.  Discussion

Plaintiff's complaint should be dismissed under the *Younger* abstention doctrine.  Under

**Findings and Conclusions of the**
**United States Magistrate Judge**            Page -2-

this doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04–CV–227–R, 2005 WL 473680, at *1 (N.D.Tex. Feb.28, 2005) (collecting cases); *see also Younger v. Harris*, 401U.S. 37, 43–45 (1971). The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44.

The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712,716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

All prerequisites for abstention under *Younger* are met here. There are ongoing state judicial criminal proceedings. A determination by this Court that the searches or seizures were unlawful would interfere with the state criminal proceedings. Further, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir.1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir.1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending

against the federal plaintiff" (citing *Younger*, 401U.S. at 41)). Finally, Plaintiff has a full opportunity to raise his constitutional challenges in the Texas state courts. *See DeSpain*, 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

All three conditions of *Younger* are met in this matter. The Court may refuse to abstain if an exception applies, but no exception applies here. The Court should abstain from jurisdiction over Plaintiff's claims.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed without prejudice under the *Younger* abstention doctrine.

Signed this 26 day of August , 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).